IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RONNIE BRUCE EVANS                                                                    PLAINTIFF

v.                              Civil No.   12-2104

SHERIFF RON BROWN; CAPTAIN
JEFF MARVIN; and LIEUTENANT
VENA CUPP                                                                            DEFENDANTS

**ORDER**

Pending before me for resolution are the following motions: (1) a motion for an extension of time filed by the Plaintiff (Doc. 27); (2) a motion to amend the settlement agreement filed by the Plaintiff (Doc. 28); (3) a motion to compel settlement filed by Defendants (Doc. 29); (4) a motion to amend the complaint filed by the Plaintiff (Doc. 31); (5) a motion to compel discovery filed by the Plaintiff (Doc. 32); and (6) a motion for the appointment of counsel filed by the Plaintiff (Doc. 34). I will address the two motions dealing with the settlement agreement first as the ruling on those motions has the potential of mooting all the other motions.

**Motion to Compel Settlement & Motion to Amend Settlement Agreement** (Docs. 28 & 29)

On August 8, 2012, Plaintiff filed with the Court a motion to offer settlement (Doc. 20). In this document, Plaintiff indicated he would settle the case for $10,000 plus the $350 filing fee. *Id.* On September 27, 2012, Defendants' counsel offered to settle the case for $750 plus the $350 filing fee. *Defts' Ex.* A. By letter dated October 3, 2012, Plaintiff declined this offer. *Defts' Ex.* B.

On October 16, 2012, Defendants' counsel responded asking for the Plaintiff to make a counter offer. *Defts' Ex.* C. Dependants' counsel also stated: "I understand that you believe your

-1-

original offer to be reasonable, but I can tell you from experience that it is not.  Even if you prevail on all your claims, it is unlikely that you will be awarded more than $1,000 - $1,500 in damages." *Id.*

On November 13, 2012, Plaintiff responded with an offer to settlement this case and another he has pending in this court.  *Defts' Ex.* D.  By letter dated November 15, 2012, Defendants' counsel made an offer to settle this case only for the sum of $1,500 which included court costs.  *Defts' Ex.* E.  Defendants' counsel indicated they were not interested in settling the other case.  *Id.*

By letter dated November 19, 2012, Plaintiff responded to the offer stating he "accept[ed] [the] offer to settle this case."  *Defts' Ex.* F.  On November 27, 2012, a release and joint motion to dismiss were sent to him for signature.  *Defts' Ex.* G.

By letter dated December 13, 2012, the Clerks' Office forwarded a document entitled petition for settlement agreement to Defendants' counsel.  *Defts' Ex.* H.  In the petition, Plaintiff objects to the broad language of the settlement agreement.  *Id.*  He also asks Defendants to pay the $350 filing fee.  *Id.*

On January 4, 2014, an order was entered directing the Defendants to send the Plaintiff another release which made clear it only applied to the current cases. (Doc. 26).  Plaintiff was given until January 28, 2014, to execute the release and joint motion to dismiss.  *Id.*  If he believed no settlement had been reached, he was directed to inform the Court of this and submit as exhibits any documents he had to support his position.  *Id.*

Defendants agreed to pay the $350 filing fee.  *Defts' Ex.* I.  A release and joint motion to dismiss was forwarded to the Plaintiff for his signature.  *Id.*  The release stated that "[t]his settlement pertains only to the allegations contained in Case No. 2:12-cv-2104 and does not affect any other pending lawsuits."  *Defts' Ex.* J.

Defendants maintain there was an agreement to settle the case. Plaintiff states he has decided to decline the settlement officer.

The question before me is whether there was an agreement to settle this case. A settlement agreement is a contract. In Arkansas, the essential elements of a contract are: (1) competent parties; (2) subject matter; (3) legal consideration; (4) mutual agreement; and (5) mutual obligations. *DaimlerChrysler Corp. v. Smelser*, 375 Ark. 216, 218 (2008).

I believe these elements have been met here. The agreement is not ambiguous. Plaintiff bargained for the terms of the settlement. Defendants agreed to accept his offer. The agreement was entered into voluntarily. The fact that Plaintiff may now regret his decision to settle for the specified amounts does not alter the fact that he entered into a contract to settle for those amounts.

The motion to compel settlement (Doc. 29) is granted. Plaintiff's motion to amend the settlement agreement (Doc. 28) is denied. All other pending motions (Doc. 27, Doc. 31, Doc. 32, and (Doc. 34) are denied as moot. Plaintiff is directed to sign the release and joint motion to dismiss by **no later than July 19, 2013.**

IT IS SO ORDERED this 1st day of July 2013 .

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE